IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAVON OWENS, ) | |
|   ) | |
| Petitioner, ) | |
|   ) | Civil Action No. 20-cv-2319-LKG |
| v. ) | |
|   ) | Dated: November 30, 2021 |
| WARDEN and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE OF MARYLAND, ) | |
|   ) | |
| Respondents. ) | |
|   ) | |

## MEMORANDUM OPINION AND ORDER

Self-represented Petitioner Tavon Owens filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction in the Circuit Court for Baltimore County, Maryland for second-degree murder and two counts of use of a handgun in the commission of a felony or a crime of violence. ECF No. 1. On October 28, 2020, Respondents filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 6. Owens responded. ECF Nos. 10, 11.

There is no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2021); see also Fisher v. Lee, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

**I.      BACKGROUND**

On February 11, 2004, Owens was convicted by a jury of second-degree murder and two counts of use of a handgun in the commission of a felony or a crime of violence. *State of Maryland v. Tavon Owens*, Case No. 03-K-03-001499 (Cir. Ct. for Balt. Cnty.); ECF No. 6-2 at

3.[1] On April 20, 2004, the circuit court sentenced Owens to a total of 50 years' incarceration. ECF No. 6-2 at 9. Owens noted an appeal to the Court of Special Appeals of Maryland on April 23, 2004, and on May 13, 2004, he filed an application for review of sentence by a three-judge panel of the circuit court. *Id.* at 7. Owens also filed a motion for modification of sentence on June 28, 2004. *Id.*

By order entered August 20, 2004, the circuit court denied Owens's motion for modification of sentence. *Id.* Meanwhile, the three-judge panel that was designated to consider Owens's application for review of sentence elected to defer consideration of his application while his appeal was pending. *Id.*

The Court of Special Appeals of Maryland affirmed Owens's convictions by unreported opinion filed on February 3, 2006, with the mandate issuing on March 6, 2006. *Owens v. State*, No. 419, Sept. Term 2004 (Md. Ct. Spec. App. Feb. 3, 2006); ECF No. 6-4. Owens did not seek further review by petition for certiorari in the Court of Appeals of Maryland. *See* ECF No. 1 at 2. On August 24, 2006, following the conclusion of Owens's direct appeal, the three-judge panel of the circuit court ruled that Owens's sentence would remain unchanged. ECF No. 6-2 at 10.

Owens did not file anything regarding his criminal case until November 2010 and January 2011, when he submitted correspondence on which the circuit court took no action. *Id.* On April 4, 2011, Owens filed a petition for postconviction relief in state circuit court. *Id.* Owens, who was represented by counsel in the postconviction proceedings, amended his postconviction petition several times. *Id.* at 10-12. On February 12, 2013, Owens was permitted to withdraw his postconviction petition without prejudice, but he filed a new petition the same

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

day. *Id.* at 11. After hearing the matter on April 8, 2015, January 21, 2016, and February 16, 2016, the postconviction court denied the petition by order entered on March 31, 2016. *Id.* at 11-12.

On April 25, 2016, Owens filed an application for leave to appeal with the Court of Special Appeals. *Id.* at 11. On October 26, 2016, the appellate court summarily denied the application, with the mandate issuing on November 28, 2016. *Owens v. State*, No. 463, Sept. Term 2016 (Md. Ct. Spec. App. Oct. 26, 2016); ECF No. 6-5.

On August 5, 2020, Owens filed his Petition in this Court. *See* ECF No. 1 at 16; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).[2] Owens asserts three grounds for habeas relief, none of which, he acknowledges, has previously been raised in state court. ECF No. 1 at 6. First, he claims that the jury selection process used at his trial was "fundamentally unconstitutional and violated [his] right to a fair trial" because it facilitated the selection of a racially disparate jury. *Id.* at 10-12. Second, Owens contends that he was improperly charged with murder. *Id.* at 12-13. Third, Owens claims that he was subjected to a vindictive prosecution. *Id.* at 14-15.

## II.     DISCUSSION

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Owens's claims.

---

[2] It is unclear when Owens deposited his Petition in the prison's mailing system. However, because Owens certified that he mailed the Petition on August 5, 2020, the Court shall consider that date as the filing date.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The limitation period may also be subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Owens's conviction became final for direct review purposes on March 21, 2006,[3] or 15 days after the Court of Special Appeals issued its mandate, when the time for filing a petition for certiorari in the Court of Appeals of Maryland expired. *See* Md. Rule 8-302(a). However, the one-year clock did not begin to run until August 24, 2006, when the three-judge panel of the circuit court denied Owens's application for review of sentence, after having deferred its consideration pending the result of Owens's direct appeal. Nonetheless, the one-year federal limitations period expired on August 24, 2007, before Owens filed anything else. Indeed, Owens did not correspond with the circuit court until 2010, and he did not file his petition for postconviction relief until April 4, 2011, more than three years after the expiration of the one-year federal limitations period. As such, his federal habeas Petition is time-barred under 28 U.S.C. § 2244(d).

After being directed to state why his Petition should not be dismissed as time-barred, Owens asserts that he often disagreed with court-appointed counsel and had to file his Petition pro se. ECF No. 10. Owens also repeats his claims that his criminal trial was unfair and unconstitutional, and he asks the Court to suspend the timeliness requirement of § 2244(d) in light of the COVID-19 pandemic. *Id.*; ECF No. 11.

To the extent Owens asserts that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by Respondents that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The application of equitable tolling must be "guarded and infrequent" and "reserved for those

---

[3] Although Owens filed a motion for modification of sentence, it had no tolling effect because the circuit court denied it on August 20, 2004, before the judgment of conviction became final, and the limitation period had not yet begun to run.

rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.  Ignorance of the law is not a basis for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, Owens's self-represented status does not excuse him from the requirements of § 2244(d).  Likewise, COVID-19 could not have prevented Owens from timely filing his Petition as the pandemic began years after the one-year limitation period expired.

As Owens has not stated a basis for equitable tolling, the Petition shall be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017).  Because Owens fails to satisfy this standard, the Court declines to issue a certificate of appealability.  Owens may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV.   CONCLUSION

For the reasons stated in the foregoing Memorandum Opinion, it is this 30th day of November, 2021, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus IS DISMISSED;
2. The Court DECLINES to issue a Certificate of Appealability;

6

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL SEND a copy of this Order and the foregoing Memorandum Opinion to Owens and to counsel for Respondents.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
